UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RONA WEISS,

                        Plaintiff,

            - against -

RED MOUNTAIN SPA MANAGEMENT, LLC
and RED MOUNTAIN RESORT & SPA,

                       Defendants.
-----------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

13 cv 3497 (BMC)

**COGAN**, District Judge.

       This is a slip-and-fall case in which plaintiff attempted to invoke this Court's diversity jurisdiction. Because plaintiff's complaint incorrectly assumed that defendant, a limited liability company, should be treated as a corporation for diversity purposes, see Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990); Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC, 692 F.3d 42, 49 (2d Cir. 2012); United Food & Commercial Workers Union, 30 F.3d 298, 302 (2d Cir. 1994), the Court *sua sponte* issued an Order to Show Cause as to why the case should not be dismissed for lack of subject matter jurisdiction. Plaintiff's counsel then made an effort to determine defendant's citizenship, and has filed an amended complaint incorporating such information as he was able to obtain, but because defendant has a multi-tiered ownership structure that includes other private limited partnerships, trusts, and limited liability companies, plaintiff has been unable to allege the citizenship of defendant. Plaintiff has therefore requested leave to take jurisdictional discovery from defendant to determine whether diversity in fact exists.

       Plaintiff's motion for leave to take jurisdictional discovery is denied. As the Court pointed out in its Order to Show Cause, it is often the case that privately held limited

partnerships or limited liability companies with multiple levels of ownership through trusts or other limited partnerships and/or other limited liability companies cannot be sued in federal court because the plaintiff cannot find out their citizenship. Allowing plaintiff to undertake discovery here would enable any plaintiff with a claim against any unincorporated association to commence the action in federal court and then take discovery to determine if the Court's jurisdiction was properly invoked. Plaintiff has to know the jurisdictional facts first, or at least has to have a good faith belief sufficient to allege those facts under Fed. R. Civ. P. 11. Discovery is appropriate only if a defendant moves to dismiss for lack of subject matter jurisdiction, and even then only if that challenge suggests an incomplete or inaccurate factual presentation by the defendant.[1] See Fifth third Bank v. Flatrock 3, LLC, No. 09-cv-6051, 2010 WL 2998305 (D. N.J. July 21, 2010) (noting advisability of bright-line rule in determining adequacy of diversity allegations in order to avoid threshold discovery); Panter v. International Health Care Properties IX, Limited Partnership, No. 06-cv-12014, 2006 WL 1522016 (E.D. Mich. May 30, 2006) ("Plaintiff's response, which essentially requests discovery before making even a good faith allegation of diversity jurisdiction, is wholly inadequate.").

A litigant in plaintiff's position has a choice of either proceeding in state court or, as to the unknown holders of interests in defendant's ownership structure, alleging that they are citizens of whatever state plaintiff's attorney reasonably believes they are citizens (but only one as to each entity; plaintiff cannot plead citizenship in the alternative or negative, see Cameron v.

---

[1] Circuit Courts sometimes direct jurisdictional disclosures in order to confirm or refute subject matter jurisdiction on appeal, see D.B. Zirwin Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124 (1st Cir. 2011); Meyerson v. Showboat Marina Casino Partnership, 299 F.3d 616 (7th Cir. 2002), and this Court likely has similar power. See Murchison Capital Partners v. Nuance Communications, Inc., No. 12-cv-4746 (N.D. Tex. July 2, 2013). However, it is one thing to try to save a case from dismissal where the parties have already committed substantial resources litigating it in district court and have fully briefed an appeal; it is quite another to hold plaintiff to her burden of adequately alleging jurisdiction at the very outset of the case when it can readily be dismissed without consequence and recommenced in an appropriate state court. The Court sees no reason to exercise its discretion to allow discovery since plaintiff, lacking an adequate basis to invoke this Court's jurisdiction, will not be prejudiced by proceeding in state court on a state law claim.

Hodges, 127 U.S. 322 (1888)). It is plaintiff's counsel's obligation to determine if those allegations can be made in good faith consistent with Rule 11. In addition, even if plaintiff pleads in this manner and defendant appears and chooses not to raise lack of subject matter jurisdiction as a defense (defendant here has asserted an affirmative defense of lack of subject matter jurisdiction, but has not made a motion), plaintiff will be undertaking the risk that if she obtains a judgment, the judgment will be void since the defense of lack of subject matter jurisdiction cannot be waived, and may be asserted for the first time in a motion under Fed. R. Civ. P. 60(b)(4) or on appeal. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567 (2004); Turtur v. Rothschild Registry Internaitonal, Inc., 26 F.3d 304 (2d Cir. 1994); Augustyniak Ins. Group, Inc. v. Astonish Results, L.P., CA No. 11-464S, 2013 WL 998770, *10 fn. 10 (D.R.I. March 13, 2013) ("The failure of parties and the district court to focus early on whether there is diversity jurisdiction is like a bad penny that keeps turning up in cases with a party that is either a limited liability company or a limited partnership."). These are the risks that a plaintiff and her counsel simply have to take if they want to press forward with an action in federal court instead of state court despite uncertainty as to subject matter jurisdiction.

Since plaintiff has failed to properly invoke this Court's subject matter jurisdiction, the case is dismissed.[2]

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
       August 6, 2013

---

[2] The Court notes that plaintiff has not responded to its point in the Order to Show Cause that, whether asserted in state or federal court, her claim appears to be time-barred (see N.Y. C.P.L.R. 202). The Court, however, is not dismissing the case on that basis.